**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re:

WSG CORAL SPRINGS, LP,                                    Case No. 6:12-bk-15882-KSJ

    Debtor.                                                          Chapter 11
_____/

BRANCH BANKING AND TRUST                               Adversary No.
COMPANY,

    Plaintiff,

v.

WSG CORAL SPRINGS, LP; and
LATHAM SHUKER EDEN &
BEAUDINE LLP,

    Defendants.
_____/

**ADVERSARY COMPLAINT**

Branch Banking and Trust Company ("Plaintiff), by undersigned counsel, hereby sues defendants, WSG Coral Springs, LP ("WSG") and Latham, Shuker, Eden & Beaudine, LLP ("Latham Shuker"), and alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1.    Plaintiff is a North Carolina state-chartered bank doing business in Orange County, Florida.

2.    WSG is a Delaware limited partnership doing business in Orange County, Florida.

3.    Latham Shuker is a Florida limited liability partnership doing business in Orange County, Florida. Latham Shuker is sued herein solely in its capacity as a stakeholder of the

Excess Proceeds (as defined below). Plaintiff seeks no relief against Lathan Shuker other than the entry of a judgment directing the disbursement of the Excess Proceeds to Plaintiff.

4. On November 26, 2012 (the "Petition Date"), WSG filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code.

5. This Court has jurisdiction pursuant to 28 U.S.C. § 157(b)(2)(A), (G), (K) and (O), 28 U.S.C. § 1334 and other applicable law. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(I) and (J).

6. Venue is proper in this Court pursuant to 28 U.S.C. §1409(a).

## ALLEGATIONS COMMON TO ALL COUNTS

7. On or about April 25, 2006, WSG executed and delivered to Plaintiff's predecessor-in-interest, Colonial Bank, N.A. ("Colonial"), that certain promissory note in the original principal amount of $6,760,000.00 ("First Note"). A true and correct copy of the First Note is attached hereto as Exhibit A.

8. On or about March 22, 2007, WSG executed and delivered to Colonial that certain promissory note in the original principal amount of $240,500.00 ("Second Note"). A true and correct copy of the Second Note is attached hereto as Exhibit B.

9. On or about August 27, 2007, WSG executed and delivered to Colonial that certain consolidated and restated renewal and future advance promissory note in the principal amount of $11,740,000.00 ("Renewal Note"). A true and correct copy of the Renewal Note is attached hereto as Exhibit C.

10. By virtue of a mortgage, assignment of leases and rents and security agreement ("Mortgage"), which was executed by the WSG in favor of Colonial and recorded on May 9, 2006 in Official Records Book 08630, Page 2565, Public Records of Orange County, Florida, the

Renewal Note is secured by, *inter alia*, a lien against certain real property ("Property") and all rents, income, issues and profits of the Property. A true and correct copy of the Mortgage is attached hereto as Exhibit D. The First Note, Second Note, Renewal Note, Mortgage and all related documents executed and/or delivered in connection with the Loan are referred to collectively hereinafter as the "Loan Documents".

11. On August 14, 2009, the FDIC seized the assets of Colonial and substantially all such assets, including the Loan Documents, were transferred to Plaintiff.

12. Prior to the Petition Date, WSG was in default under the terms of the Loan Documents because of its failure to pay the Renewal Note by the August 27, 2008 maturity date.

13. On or about January 3, 2011, Movant recorded a Lis Pendens and commenced a foreclosure action against, *inter alia*, WSG, initiating Case No. 2011-CA-000033-O ("Foreclosure Action") in the Circuit Court of the 9th Judicial Circuit, in and for Orange County, Florida ("State Court").

14. On or about July 29, 2011, Plaintiff, WSG, Eric D. Sheppard and Phillip Wolman entered into a forbearance stipulation (the "Forbearance Stipulation"). The Forbearance Stipulation provided, *inter alia*, that WSG would pay certain sums on or before September 6, 2011 in exchange for a partial release of mortgage as to Phase II of the Property. A true and correct copy of the Forbearance Stipulation is attached hereto as Exhibit E.

15. On August 31, 2011, in order to accommodate a refinancing of Phase II of the Property, Plaintiff agreed to further reduce the release amount for Phase II by $350,000.00. In addition and on this same date, Plaintiff allowed a portion of the proceeds of the refinancing, which constituted Plaintiff's collateral, to be utilized to fund an escrow account at First American Title Insurance Company ("First American") in the amount of $2,150,000.00

("Escrow Account") which would be made available to satisfy any liability with respect to certain litigation commenced by CDS Sitework & Trucking Inc. ("CDS") against WSG. However, Plaintiff's agreement to reduce the release price and permit the funding of the Escrow Account was specifically conditioned upon the parties' agreement that any remaining funds in the Escrow Account following settlement of the CDS litigation would be immediately released to Plaintiff. This agreement was memorialized in an Escrow Letter Agreement ("Escrow Agreement") signed by authorized representatives of WSG, HM Eight, LLC, Bancorp Banc (the entity funding the refinancing) and First American. A true and correct copy of the Escrow Agreement, which specifically provides that "BB&T is an intended third party beneficiary of this agreement," is attached hereto as Exhibit F.

16. In late 2011, the funds in the Escrow Account were utilized, without Plaintiff's knowledge or consent, to establish a bond ("Bond") at Platte River Insurance Company ("Platte River") with respect to the CDS litigation. A true and correct copy of the Bond is attached hereto as Exhibit G.

17. On June 29, 2012, the State Court entered an Amended Final Judgment of Foreclosure (the "Judgment") against WSG in the amount of $3,558,844.00. A true and correct copy of the Judgment is attached hereto as Exhibit H.

18. On November 26, 2012, WSG filed its voluntary petition for chapter 11 relief. The total amount due and owing under the Judgment as of the Petition Date is $3,628,124.77.

19. On February 1, 2013, Platte River filed a motion [D.E. 52] to approve compromise with CDS in the above-referenced bankruptcy proceeding. On February 11, 2013, this Court entered an Order ("Settlement Order") [D.E. 63] approving the compromise with CDS and directing Platte River to transfer the excess proceeds of $157,073.32 ("Excess Proceeds")

following payment of the settlement proceeds to CDS to the Latham Shaker client trust account pending further Order of this Court. A true and correct copy of the Settlement Order is attached hereto as Exhibit I. The Settlement Order specifically provides that it "is without prejudice to all of Branch Banking & Trust Company's rights including, without limitation, its right to assert that the excess proceeds constitute Branch Banking and Trust Company's cash collateral and/or are not property of the Debtor's bankruptcy estate and subject to turnover to BB&T."

## COUNT I

### Declaratory Relief and Turnover of Excess Proceeds to Plaintiff

20.  Plaintiff incorporates by reference paragraphs 1-19 above, as if fully stated herein.

21.  This Court assumed jurisdiction over the Excess Proceeds by entering the Settlement Order and retaining jurisdiction to disburse the same.

22.  The Excess Proceeds are subject to the Escrow Agreement.

23.  Plaintiff is the true beneficiary of the Excess Proceeds under the Escrow Agreement.

24.  "Funds that are deposited into an escrow account by a debtor, for the benefit of others, cannot be characterized as property of the estate." *In re Scanlon (Dzikowski v. NASD Regulation, Inc.)*, 239 F.3d 1195 (11th Cir. 2001).

25.  An actual controversy has arisen and now exists between Plaintiff and WSG concerning their rights as to the Excess Proceeds. Plaintiff, on the one hand, contends that she Excess Proceeds are not property of the estate, constitute Plaintiff's property and are subject to turnover to Plaintiff. WSG, on the other hand, disputes that Plaintiff is entitled to the Excess Proceeds.

26.     Based upon the foregoing, Plaintiff has a bona fide, actual, present and practical need for declaratory relief concerning Plaintiff's entitlement to the Excess Proceeds.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in its favor: (i) determining that the Excess Proceeds constitute property of Plaintiff; (ii) determining that the Excess Proceeds are not property of the estate; (iii) directing Latham Shuker to immediately turnover the Excess Proceeds to Plaintiff; and (iv) awarding Plaintiff its costs and attorneys' fees incurred herein.

    Respectfully Submitted,

    JONES, WALKER, WAECHTER, POITEVENT,
    CARRERE & DENEGRE, L.L.P.
    *Attorneys for Branch Banking and Trust Company*
    201 Biscayne Blvd., Suite 2600
    Miami, Florida 33131
    Email: *sdrobny@joneswalker.com*
    Telephone: (305) 679-5700
    Facsimile: (305) 679-5710

    By:   */s/ Stephen P. Drobny*
        Stephen P. Drobny
        Florida Bar No. 55732