# EXHIBIT A

8046 47289 3

## PROMISSORY NOTE

$6,760,000.00                                                                                    April 25, 2006
                                                                                                 Miami, Florida

     FOR VALUE RECEIVED, WSG CORAL SPRINGS, LP, a Delaware limited partnership (sometimes hereinafter referred to as the "undersigned" or the "Borrower"), promises to pay to the order of COLONIAL BANK, N.A. or any subsequent holder of this note ("Bank" or "Lender") at its principal offices located at 1200 Brickell Avenue, Tenth Floor, Miami, Florida 33131 (or at such other place or places as Bank may designate) the principal sum of SIX MILLION SEVEN HUNDRED SIXTY AND 00/100 Dollars ($6,760,000.00) or so much thereof as may be from time to time outstanding, together with interest thereon on the principal amount from time to time outstanding. Interest shall be computed on the actual number of days elapsed and an assumed year of three hundred sixty (360) days. Borrower and all endorsers, sureties, guarantors and any other persons liable or to become liable with respect to the loan evidenced by this Note (the "Loan") are each included in the term "Obligors" as used in this Note. Disbursements under this Note are subject to the terms and conditions set forth below. Said principal and interest shall be payable in lawful money of the United States, on the dates and in the amounts specified below, to wit:

     1.     Interest. This Note shall bear interest at a rate per annum according to a floating rate, changing daily, equal to the Colonial Bank Base Rate. Colonial Bank Base Rate means the rate of interest announced by Bank from time to time as its *base* rate. The Colonial Bank Base Rate is one of several interest rate bases used by Bank. The Bank lends at interest rates above and below the Colonial Bank Base Rate. This rate of interest shall change automatically and immediately on the date of any change in the Colonial Bank Base Rate, without notice to Borrower or any Obligor. Notwithstanding, in no event shall the interest rate hereunder be less than seven and one-half percent (7.50%). The total annual percentage rate of interest charged shall not exceed the maximum rate of interest permitted by the usury laws of the State of Florida, or the United States. If Colonial Bank Base Rate is no longer available, the Bank will choose a new index based on comparable information.

     2.     Repayment Terms. Monthly payments of interest shall commence thirty (30) days from the date set forth above as the execution date for this Note and continue on the same day of each consecutive month thereafter until April 25, 2007 ("Maturity Date"), when the entire principal balance together with accrued, but unpaid interest, shall be due and payable in full. Provided no Event of Default has occurred or is occurring, Borrowers shall be granted one (1) six-month extension option. The extension shall be conditioned on the Borrower's payment of all reasonable expenses of the Bank then outstanding and a 1/8% extension fee computed on the outstanding principal balance at the time of extension. Borrower shall pay all amounts owing under this Note in full when due without set-off, counterclaim, deduction or withholding for any reason whatsoever. If any payment falls due on a day other than a Business Day, then such payment shall instead be made on the next succeeding Business Day, and interest shall accrue accordingly. Any payment received by Bank after 2:00 p.m. shall not be credited against the indebtedness under this Note until at least the next succeeding Business Day.

3. <u>Late Charge</u>. Borrower shall pay to Bank a late charge of five percent (5%) of any payment not received by Bank within ten (10) days of its due date; provided, however, if said ten (10) day period ends on a day other than a day on which Bank is open for Business (a "Business Day"), then the aforedescribed late charge shall be payable if the payment is not received by the last Business Day within said ten (10)-day period.

4. <u>Prepayment Penalty</u>. This Note may be prepaid in whole or in part at any time without penalty or premium. In the event of a partial prepayment at any time, there will not be a change in the amount or due date of the monthly payments, unless the Bank agrees in writing to such change.

5. <u>Collateral</u>. This Note is secured by, among other security, that certain Florida Real Estate Mortgage, Assignment of Leases and Rents and Security Agreement (the "Mortgage") of even date herewith executed by Borrower and recorded in the official real estate records of Orange County, Florida, the terms and conditions of the Mortgage shall be considered a part hereof to the same extent as if written.

6. <u>Event of Default/Remedies/Acceleration</u>. If default be made in the payment of any sums payable pursuant to the terms of this Note and such default is not cured within five (5) days following the occurrence thereof, or if default, following any applicable cure period, or other event causing the acceleration of this Note (an "Event of Default") occurs under the Florida Real Estate Mortgage and Security Agreement securing this Note (the "Mortgage"), the Loan Agreement or any other instrument or document executed in connection with the Loan (this Note, the Mortgage, the Loan Agreement, the commitment letter and all such instruments and documents, including, without limitation, any guaranties, loan agreements, mortgages, security agreements, assignments and other documents securing this Note, are referred to in this Note as the "Loan Documents") then the whole of the principal sum then remaining unpaid hereunder, together with all interest accrued thereon and all other sums owing under the Loan Documents, shall immediately become due and payable without notice and Bank shall be entitled to pursue any and all rights and remedies provided by applicable law and/or under the terms of this Note or any other Loan Document, all of which shall be cumulative and may be exercised successively or concurrently. Upon the occurrence and during the continuation of any Event of Default, any and all liabilities of any Obligor to Bank shall become immediately due and payable (notwithstanding any contrary provisions thereof) without demand or notice of any kind. In addition, Bank shall have the right to set off any and all sums owed to any Obligor by Bank in any capacity (whether or not then due) against the Loan and/or against any other liabilities of any Obligor to Bank.

7. <u>Interest After Default</u>. Notwithstanding anything contained herein to the contrary, upon the occurrence and continuance of an Event of Default or nonpayment at Maturity, interest, including post judgment interest, shall accrue hereunder at the maximum rate of interest which may be collected from the Borrower under Florida law (the "Default Rate"). Failure to exercise any and all rights or remedies Bank may in the event of any such default be entitled to shall not constitute a waiver of the right to exercise such rights or remedies in the event of any subsequent default, whether of the same or different nature. No waiver of any right or remedy by Bank shall be effective unless made in writing and signed by Bank, nor shall any waiver on one occasion apply to any future occasion.

8. <u>Maximum Interest Rate</u>. In no event shall any agreed or actual exaction charged, reserved or taken as an advance or forbearance by Bank as consideration for the Loan exceed the limits (if any) imposed or provided by the law applicable from time to time to the Loan for the use or detention of money or for forbearance in seeking its collection, and Bank hereby waives any right to demand such excess. In the event that the interest rate provisions of this Note or any exactions provided for in this Note or any other Loan Document shall result at any time or for any reason in an effective rate of interest rate that exceeds the maximum interest rate permitted by applicable law (if any), then without further agreement or notice the obligation to be fulfilled shall be automatically reduced to such limit and all sums received by Bank in excess of those lawfully collectible as interest shall be applied against the principal of the Loan immediately upon Bank's receipt thereof, with the same force and effect as though the payor had specifically designated such extra sums to be so applied to principal and Bank had agreed to accept such extra payment(s) as a premium-free prepayment or prepayments. During any time that the Loan bears interest at the maximum lawful rate (whether by application of this paragraph, the default provisions of this Note or otherwise), interest shall be computed on the basis of the actual number of days elapsed and the actual number of days in the respective calendar year.

9. <u>Waiver</u>. The Obligors hereby severally: (a) waive demand, presentment, protest, notice of dishonor, suit against or joinder of any other person, and all other requirements necessary to charge or hold any Obligor liable with respect to the Loan; (b) waive any right to immunity from any such action or proceeding and waive any immunity or exemption of any property, wherever located, from garnishment, levy, execution, seizure or attachment prior to or in execution of judgment, or sale under execution or other process for the collection of debts; (c) waive any right to interpose any set-off or non-compulsory counterclaim or to plead laches or any statute of limitations as a defense in any such action or proceeding and waive (to the extent lawfully waivable) all provisions and requirements of law for the benefit of any Obligor now or hereafter in force; (d) submit to the jurisdiction of the state and federal courts in Miami-Dade County, Florida for purposes of any such action or proceeding; (e) agree that the venue of any such action or proceeding may be laid in Miami-Dade County, Florida and waive any claim that the same is an inconvenient forum; (f) stipulate that service of process in any such action or proceeding shall be properly made if mailed by any form of registered or certified mail (airmail if international), postage prepaid, to the address then registered in Bank's records for the Obligor(s) so served, and that any process so served shall be effective ten (10) days after mailing; and (g) agree that sixty (60) days following the death of any Obligor who is a natural person and the failure of the Borrower to: (i) cause the estate of such Obligor to recognize the obligation; and (ii) provide an additional guarantor acceptable to the Bank, or the dissolution or merger or consolidation or termination of the existence of any Obligor that is a business entity (or if any person controlling such Obligor shall take any action authorizing or leading to the same), shall at Bank's option, which option may be exercised then or at any time thereafter, result in the Loan being then due and payable in full. No provision of this Note shall limit Bank's right to serve legal process in any other manner permitted by law or to bring any such action or proceeding in any other competent jurisdiction. The Obligors hereby severally consent and agree that, at any time and from time to time without notice, (i) Bank and the owner(s) of any collateral then securing the Loan may agree to release, increase, change, substitute or exchange all or any part of such collateral, and (ii) Bank and any person(s) then primarily liable for the Loan may agree to renew, extend or compromise the Loan in whole or in part or to modify the terms of the Loan in any respect whatsoever; no such

release, increase, change, substitution, exchange, renewal, extension, compromise or modification shall release or affect in any way the liability of any Obligor, and the Obligors hereby severally waive any and all defenses and claims whatsoever based thereon. Until Bank receives all sums due under this Note and all other Loan Documents in immediately available funds, no Obligor shall be released from liability with respect to the Loan unless Bank expressly releases such Obligor in a writing signed by Bank, and Bank's release of any Obligor(s) shall not release any other person liable with respect to the Loan.

10. Fees/Costs. The Obligors jointly and severally agree to pay all filing fees and similar charges and all costs incurred by Bank in collecting or securing or attempting to collect or secure the Loan, including reasonable attorney's fees, whether or not involving litigation and/or appellate, administrative or Bankruptcy proceedings. The Obligors jointly and severally agree to pay any documentary stamp taxes, intangible taxes or other taxes (except for federal or Florida franchise or income taxes based on Bank's net income) which may now or hereafter apply to this Note or the Loan or any security therefor, and the Obligors jointly and severally agree to indemnify and hold Bank harmless from and against any liability, costs, attorney's fees, penalties, interest or expenses relating to any such taxes, as and when the same may be incurred. The Obligors jointly and severally agree to pay on demand, and to indemnify and hold Bank harmless from and against, any and all present or future taxes, levies, imposts, deductions, charges and withholdings imposed in connection with the Loan by the laws or governmental authorities of any jurisdiction other than the State of Florida or the United States of America, and all payments to Bank under this Note shall be made free and clear thereof and without deduction therefor.

11. Governing Law. This Note shall be governed by, and construed and enforced in accordance with, the laws of the State of Florida.

12. Severability. Any provision of this Note which is prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction only, be ineffective only to the extent of such prohibition or unenforceability without invalidating the remaining provisions hereof or affecting the validity or enforceability of such provision in any other jurisdiction. To the extent that the Obligors may lawfully waive any law that would otherwise invalidate any provision of this Note, each of them hereby waives the same, to the end that this Note shall be valid and binding and enforceable against each of them in accordance with all its terms.

13. Joint/Several Liability. If this Note is signed by more than one person, then the term "Borrower" as used in this Note shall refer to all such persons jointly and severally, and all promises, agreements, covenants, waivers, consents, representations, warranties and other provisions in this Note are made by and shall be binding upon each and every undersigned person, jointly and severally. The term "Bank" shall be deemed to include any subsequent holder(s) of this Note. Whenever used in this Note, the term "person" means any individual, firm, corporation, trust or other organization or association or other enterprise or any governmental or political subdivision, agency, department or instrumentality thereof. Whenever used in this Note, words in the singular include the plural, words in the plural include the singular, and pronouns of any gender include the other genders, all as may be appropriate.

14. <u>Miscellaneous</u>. Time shall be of the essence with respect to the terms of this Note. This Note cannot be changed or modified orally. Borrower shall cooperate with Bank to correct patent errors or omissions in this Note or any other Loan Document. Except as otherwise required by law or by the provisions of this Note or any other Loan Document, payments received by Bank hereunder shall be applied first against expenses and indemnities, next against interest accrued on the Loan, and next in reduction of the outstanding principal balance of the Loan, except that from and after any default under this Note, Bank may apply such payments in any order of priority determined by Bank in its exclusive judgment. Borrower shall receive immediate credit on payments only if made in the form of either a federal wire transfer of cleared funds or a check drawn on an account maintained with Bank containing sufficient available funds. Otherwise, Borrower shall receive credit on payments after clearance, which shall be no sooner than the first Business Day after receipt of payment by Bank. For purposes of determining interest accruing under this Note, principal shall be deemed outstanding on the date payment is credited by Bank. If any payment required to be made pursuant to this Note is not received on the due date, Bank shall have the right, at its election, to charge any of Borrower's accounts at Bank with the amount of such payment. Except as otherwise required by the provisions of this Note or any other Loan Document, any notice required to be given to any Obligor shall be deemed sufficient if made personally or if mailed, postage prepaid, to such Obligor's address as it appears in this Note (or, if none appears, to any address for such Obligor as it appears in any Loan Document). Bank may grant participations in all or any portion of, and may assign all or any part of Bank's rights under, this Note. Bank may disclose to any such participant or assignee any and all information held by or known to Bank at any time with respect to any Obligor. If Borrower or any other Obligor is a partnership, then all general partners thereof shall be liable jointly and severally for all obligations under this Note and for all other covenants, agreements, undertakings and obligations of Borrower in connection with the Loan, notwithstanding any contrary provision of the partnership laws of the State of Florida. All of the terms of this Note shall inure to the benefit of Bank and its successors and assigns and shall be binding upon each and every one of the Obligors and their respective heirs, executors, administrators, personal representatives, successors and assigns, jointly and severally.

15. <u>JURY WAIVER</u>. BANK AND BORROWER HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVE THE RIGHT EITHER MAY HAVE TO TRIAL BY JURY IN RESPECT TO ANY LITIGATION BASED HEREON, OR ARISING OUT OF, UNDER OR IN CONNECTION WITH THIS NOTE AND ANY AGREEMENT CONTEMPLATED TO BE EXECUTED IN CONJUNCTION HEREWITH, OR ANY COURSE OF CONDUCT, COURSE OF DEALING, STATEMENTS, (WHETHER VERBAL OR WRITTEN) OR ACTIONS OF EITHER PARTY. BORROWER ACKNOWLEDGES THAT THIS WAIVER OF JURY TRIAL IS A MATERIAL INDUCEMENT TO THE BANK IN EXTENDING CREDIT TO THE BORROWER, THAT THE BANK WOULD NOT HAVE EXTENDED SUCH CREDIT WITHOUT THIS JURY TRIAL WAIVER, AND THAT BORROWER HAS BEEN REPRESENTED BY AN ATTORNEY OR HAS HAD AN OPPORTUNITY TO CONSULT WITH AN ATTORNEY IN CONNECTION WITH THIS JURY TRIAL WAIVER AND UNDERSTANDS THE LEGAL EFFECT OF THIS WAIVER.

WITNESS the due execution hereof as of the date first above written.

        WSG CORAL SPRINGS, LP

        By: WSG CORAL SPRINGS GP, LLC
        Its: General Partner

        _____
        By: Eric D. Sheppard
        Its: Manager

**DOCUMENTARY STAMPS IN THE AMOUNT OF $_____ HAVE BEEN PAID UPON AND AFFIXED TO THE MORTGAGE SECURING THIS PROMISSORY NOTE.**